UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-177-MOC-DCK

| ANDRE ANTONIO DAVIS, | ) |
|---|---|
| | ) |
| **Plaintiff, pro se,** | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| MICROSOFT CORP., et al., | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**THIS MATTER** comes before the Court on two Motions to Dismiss, filed by Defendant Microsoft Corporation, (Doc. Nos. 11, 27), under 12(b)(6) of the Federal Rules of Civil Procedure and on a Motion to Dismiss, filed by Defendant Vanguard pursuant to Rules 12(b)(2) and 12(b)(6). (Doc. No. 21).

**I.     BACKGROUND**

On April 20, 2021, Plaintiff Andre Antonio Davis ("Plaintiff") filed this action against Microsoft Corporation ("Microsoft") and individuals who Plaintiff named as being affiliated with Microsoft— Satya Nadella, Bill Gates, Bradford L. Smith, and Keith Schifferli. (Doc. No. 1). On July 15, 2021, Plaintiff filed a notice of voluntary dismissal of Bill Gates, Bradford L. Smith, and Keith Schifferli. (Doc. No. 5). On that same day, Plaintiff filed a First Amended Complaint, adding BlackRock Fund Advisors ("BlackRock") and Vanguard as named defendants. (Doc. No. 6). He has since dismissed BlackRock as a Defendant. (Doc. No. 44).

On August 9, 2021, Plaintiff filed a Second Amended Complaint. (Doc. No. 17). Because Plaintiff did not seek an order from the Court to file the Second Amended Complaint, the First

1

Amended Complaint is the operative Complaint in this case.

As Defendants note, Plaintiff's 75-page Amended Complaint is difficult to decipher. Plaintiff appears to allege that Microsoft aided the Department of Homeland Security by remotely installing a tracking device on his car while he was using Microsoft's software. (Doc. No. 6 ("Am. Compl.") at ¶¶ 10, 19, 156, 211). Plaintiff also alleges there is a "worldwide kickback operation" in which government agencies are paying Microsoft to spy on him and others through their electronic devices. (Id. at ¶¶ 19, 22, 69, 156, 205). Plaintiff accuses Microsoft of ordering "online kids with unchecked powers" to hack and take personal information. (Id. at ¶ 57). According to Plaintiff, "these hack teams are portable and they can move and tear down in any place or neighborhood like a gun for hire . . . ." (Id. at ¶ 69). He also alleges Microsoft is "programming cars not to run," "shutting down batteries remotely," and using satellites to determine his whereabouts. (Id. at ¶¶ 57, 86, 107).

Plaintiff claims he has been imprisoned in a "Matrix Prison" that "uses wireless radio to form an invisible jailcell . . . ." (Id. at ¶¶ 121, 205; see also id. at ¶¶ 57, 119, 136, 177, 214). According to Plaintiff, "every camera light pole the lights in your car is watching you around the clock like a moving prison" and the lights in bathrooms are used as video cameras. (Id. at ¶¶ 28, 57).

Plaintiff's Amended Complaint also includes allegations of FBI mind control, spy rings, smear campaigns, Ponzi schemes, and physiological torture. (Id. at ¶¶ 28, 31, 84, 123, 214). Plaintiff purports to bring 40 causes of action against Microsoft, including mail fraud, "discrimination in business prohibited," "social security number protection," "Improving the Nation's Cybersecurity," larceny, encumbrances, adverse domination, and violations of various

federal statutes and constitutional provisions.[1] (E.g., id. at ¶¶ 34, 40, 54, 63, 75, 110, 136, 168).

Plaintiff claims that these actions resulted in violations of the First, Fourth, Fifth, Ninth, Thirteenth, and Fourteenth Amendments to the United States Constitution, as well as violations of various other federal and state laws. (Id. at ¶ 1). Plaintiff alleges that he has suffered "mental anguish, depression, paranoid loss of sleep, and other medical concerns." (Id. at 5). He seeks damages in excess of $75,000. (Id.). As for Defendant Vanguard, other than naming Vanguard as a Defendant, Plaintiff makes no allegations whatsoever against Vanguard.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted). While the Court may construe Plaintiff's complaint liberally because he is a pro se plaintiff, the complaint must

---

[1] Plaintiff's Amended Complaint includes references to Microsoft-affiliated individuals, including Microsoft CEO, Satya Nadella, and Microsoft shareholders.

still allege "'facts sufficient to state all the elements of [his] claim'" to survive a motion to dismiss. Williams v. Wal-Mart Stores East, L.P., No. 5:18-CV-33-BO, 2018 WL 3341181, at *2 (E.D.N.C. July 6, 2018) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

## III. DISCUSSION

### A. Motions to Dismiss by Defendant Microsoft

Defendant Microsoft has filed two pending motions to dismiss. As noted, Plaintiff filed a First Amended Complaint on July 15, 2021. On August 6, 2021, Microsoft moved to dismiss the First Amended Complaint. Plaintiff filed a Second Amended Complaint on August 9, 2021. (Doc. No. 17.) Microsoft moved to dismiss Plaintiff's Second Amended Complaint on August 23, 2021, contending that the Second Amended Complaint should be dismissed because, among other reasons, Plaintiff neither obtained the parties' consent nor sought leave from the Court to file his Second Amended Complaint. (Doc. No. 27) ("Second Motion to Dismiss").

On August 26, 2021, Plaintiff filed a document titled "Stipulation and Order to Amend Amended Complaint." (Doc. No. 33) ("Motion to Amend"). Plaintiff therein requested leave to file his Second Amended Complaint and also appeared to state that the parties had stipulated to Plaintiff's filing of the Second Amended Complaint. (See Doc. No. 33 at 2-3). Microsoft states that it never stipulated to Plaintiff's filing of his Second Amended Complaint or his Motion to Amend. On August 31, 2021, this Court entered an Order denying Plaintiff's Motion to Amend. (Doc. No. 40). In light of that Order, Plaintiff's First Amended Complaint is the operative complaint in this case.

Because the First Amended Complaint is the operative Complaint in this action, the second motion to dismiss is denied as moot. Moreover, this Court grants the first motion to

4

dismiss. Plaintiff's Amended Complaint asserts a string of confusing, delusional, fantastical, and nonsensical claims. The 40 purported causes of action in Plaintiff's Amended Complaint vary widely, from mail fraud to "law of agency" to "Improving the Nation's Cybersecurity." Plaintiff has not alleged any logical or cognizable legal theory advanced in the Amended Complaint against Microsoft. Indeed, Plaintiff's factual allegations are fantastical and delusional. Because Plaintiff's Amended Complaint fails to state a valid claim for relief against Microsoft, dismissal is warranted under Rule 12(b)(6).

### B. Motion to Dismiss by Vanguard

Next, aside from naming Vanguard as a Defendant, Plaintiff makes no factual allegations whatsoever about Vanguard in his allegations. Thus, Plaintiff fails to state a cognizable claim against Vanguard.[2]

### IV. CONCLUSION

For the reasons stated herein, Defendants' motions to dismiss are granted and this action is dismissed with prejudice.[3]

Finally, this Court notes that this lawsuit against Microsoft is but one in a string of similar lawsuits recently filed by Plaintiff against various other entities and individuals. See, e.g., Davis v. Amazon.com Inc., No. 3:21-cv-00150-GCM (W.D.N.C. June 23, 2021) (Doc. No. 3) (dismissing Plaintiff's Complaint with prejudice where Plaintiff alleged Amazon conspired with

---

[2] Vanguard also argues that Plaintiff's service of summons was insufficient and that the Court cannot assert general or specific jurisdiction over Vanguard, which is both incorporated in Pennsylvania and which also has its corporate headquarters in Pennsylvania. Because Plaintiff simply fails to state a cognizable claim against Vanguard, the Court does not address these alternative grounds for dismissal.

[3] To the extent Plaintiff named any Defendants who did not join in the motions to dismiss, this Order applies to them as well.

5

Case 3:21-cv-00177-MOC-DCK   Document 46   Filed 09/16/21   Page 5 of 7

InfraGard to not deliver packages to him; "the Complaint is frivolous on its face and fails to state a claim upon which relief can be granted"); Davis v. Pichai, Case No. 3:21-cv-00228-GCM (W.D.N.C. June 9, 2021) (Doc. No. 3) (dismissing case with prejudice where Plaintiff claimed Google conspired with InfraGard to track Plaintiff using its software and Google Maps); Davis v. Bridgestone Corp., No. 3:21-cv-00149-MOC-DCK (W.D.N.C. July 26, 2021) (Doc. No. 5) (alleging that Bridgestone Americas aided the U.S. Department of Homeland Security to install tracking equipment on Plaintiff's car); Davis v. The Crawford Grp. Inc., No. 3:21-cv-00166-MOC-DSC (W.D.N.C. Apr. 14, 2021) (Doc. No. 1) (claiming that The Crawford Group Inc., Enterprise Holdings, Inc., and Enterprise Rent a Car have been conspiring with InfraGard to attach tracking equipment to Plaintiff's car and monitor him via satellite); Davis v. O'Connell et al., No. 3:21-cv-00056-RJC-WCM (W.D.N.C. Feb. 4, 2021) (Doc. No. 1) (alleging that InfraGard agents attached a tracking device to Plaintiff's car and have been following him).

Plaintiff's numerous frivolous and vexatious filings are placing undue burden on the Court's already heavy docket. The Court has the inherent authority to require a litigious filer to pay monetary sanctions. See Chambers v. NASCO, Inc., 501 U.S. 32, 46–47 (1991); see also Armstrong v. Koury Corp., 16 F.Supp.2d 616, 620 (M.D.N.C.1998) ("Courts have the authority to protect defendants from the harassment of frivolous and vexatious lawsuits, and to protect themselves from having to process frivolous and repetitive papers."). Further, courts have substantial discretion in fashioning an appropriate sanction for litigants, including a prefiling injunction. Armstrong, 16 F.Supp.2d. at 620.

**Therefore, Plaintiff is hereby on notice that if he continues to file frivolous and meritless lawsuits in this Court, the Court will not hesitate to institute a pre-filing injunction against Plaintiff, along with hefty monetary sanctions.**

**IT IS, THEREFORE, ORDERED** that:

1. The Motion to Dismiss the First Amended Complaint, (Doc. No. 11), filed by Microsoft is **GRANTED**, and Defendant Vanguard's Motion to Dismiss, (Doc. No. 21), is also **GRANTED**. The Motion to Dismiss the Second Amended Complaint filed by Microsoft, (Doc. No. 27), is denied as **MOOT**.
2. This action is dismissed with prejudice.
3. The Clerk is directed to terminate this action.

Signed: September 16, 2021

Max O. Cogburn Jr
United States District Judge